# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JARVIS M. ADAMS,** *et al.*,     ) | |
|          ) | |
| **Plaintiffs,**     ) | |
|          ) | |
| vs.     ) | **Civil Action No. CV-07-S-2346-NE** |
|          ) | |
| **STILES A. KELLETT, JR.,**     ) | |
| *et al.*,          ) | |
|          ) | |
| **Defendants.**     ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on plaintiffs' "motion for reconsideration or to set aside order," asking this court to reconsider that portion of the memorandum opinion and order entered on January 23, 2009, granting defendants' motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure12(b)(6), and dismissing all of plaintiffs' claims.[1] Plaintiffs request that this court enter an order denying defendants' motions to dismiss or, in the alternative, "allow Plaintiff's [*sic*] to amend their original complaint in order to add claims for common law fraud and fraudulent suppression under Alabama law."[2]

---

[1] *See* doc. no. 67  The subject motion was filed on Feb. 6, 2009 as doc. no. 67, and it is premised upon Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Although Friday, Feb. 6, 2009 was 14 days after Friday, Jan. 23, 2009, plaintiffs' motion was filed in a timely manner because Fed. R. Civ. P. 6(a) provides that intermediate Saturdays and Sundays are excluded from computation of time when the time period is less than 11 days.

[2] Doc. no. 67 at 1.

## I.  STANDARD OF REVIEW

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

Further, the Eleventh Circuit has reaffirmed the following, well-established principle: "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (bracketed alteration in original). *See also*, *e.g.*, *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (holding that a Rule 59(e) motion cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised or presented prior to the entry of judgment).

Moreover, when a party relies upon arguments that could have been, but were not raised in prior pleadings, the court is not obligated to consider them. *See*, *e.g.*, *Chapman v. AI Transport*, 229 F.3d 1012 1027 (11th Cir. 2000) (*en banc*) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards."); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir.1992) ( "Motions to amend should not be used to raise arguments which could, and should, have been

made before the judgment was issued."); *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (observing that, if district courts allow parties to raise new arguments after a matter has been decided, it impermissibly affords parties "two bites at the apple").

## II. DISCUSSION

Plaintiffs assert that they "qualify for reconsideration" of this court's memorandum opinion and order because of the availability of new evidence and the need to correct a clear error or manifest injustice. Doc. no. 67 at 2. However, plaintiffs have not submitted any *new* evidence to accompany their motion, or asserted that they have discovered facts that were previously unavailable. Consequently, plaintiffs' assertion of the newly-discovered evidence ground for reconsideration is unavailing.

Plaintiffs' assertion that this court made a clear and manifest error is also an unavailing ground for reconsideration, because plaintiffs merely reiterate arguments they made in opposing defendants' motion to dismiss, make new legal arguments, and voice general disagreement with this court's decision. Stated another way, plaintiffs' motion for reconsideration is an improper attempt to take another "bite at the apple." *American Home Assurance Co.*, 763 F.2d at 1239. Nevertheless, this court will address plaintiffs' primary contentions of error.

## A. The Basis for this Court's Memorandum Opinion and Order Granting Defendants' Motions to Dismiss for Failure to State a Claim

At the outset of their motion, plaintiffs brazenly misrepresent the basis of this court's order by suggesting that "[t]he *keystone* of the Court's opinion is its holding that the Plaintiffs' actions are all barred on the basis that the Plaintiff [*sic*] should have been put on notice of their rights by the filing of the *Buist* [*v. Time Domain Corporation*, CV-03-1383] case in state court in [*sic*] May 30, 2003." Doc. no. 67 at 2 (emphasis added). Plaintiffs then argue that this holding is "both legally and factually wrong." Doc. no. 67 at 2. Contrary to plaintiffs' characterization of this court's opinion, the finding that the factual basis of the *Buist* case demonstrates that plaintiffs should have been put on notice of defendants' alleged violations more than two years prior to the filing of their complaint was not "the *keystone* of the Court's opinion," but an *alternate* basis for finding that plaintiffs' claims were time-barred.

In ruling upon defendants' motions to dismiss, this court first found that each of plaintiffs' claims alleged violations of the Alabama Securities Act, Ala. Code § 8-6-1 *et seq.* (1975), and were subject to the absolute statute of limitations stated in the first sentence of § 8-6-19(f), which provides that: "No person may obtain relief under this section in an action involving the failure to register unless suit is brought within two years from the date of sale." Ala. Code § 8-6-19(f) (1975) (Supp. 2002). This

court concluded that *all* of plaintiffs' claims were subject to the first sentence of § 8-6-19(f) because each of the claims *involved* either defendants' *failure to register* securities, or defendant William Bassett's *failure to register* as a dealer of the securities. *See* doc. 66 at 33. The court further found that the plain language of the first sentence of § 8-6-19(f) sets out an *absolute* statute of limitations that is not subject to equitable tolling, and that, due to the lack of ambiguity in the statutory language, this finding should not be altered by consideration of the comment to § 8-6-19(f). *See e.g., Connecticut National Bank v. Germain*, 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (quoting *Rubin v. United States*, 449 U.S. 424, 424 (1981)); *Blue Cross & Blue Shield v. Nielsen*, 714 So. 2d 293, 296 (Ala. 1998) ("'If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'") (quoting *IMED Corp. v. Systems Eng'g Assocs. Corp.*, 602 So. 2d 344, 346 (Ala. 1992)). This court then concluded that, because it was clear from the face of plaintiffs' complaint that they had purchased the securities forming the bases of their claims more than *seven* years before they commenced this action, *all* of plaintiffs' claims were time-barred by the two-year statute of limitations stated in the first sentence of § 8-6-19(f), and due to be dismissed with prejudice. *See Tello v. Dean*

*Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) ("Dismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.") (internal quotations omitted).[3]

As an alternative basis for dismissing plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), this court also found that, "even if the doctrine of equitable tolling is applied to the statute of limitations for plaintiffs' claims of fraudulent misrepresentations and omissions of material facts, those claims are time-barred because plaintiffs should have recognized the alleged violations more than two years before the filing of their complaint." Doc. no. 66 at 35. This court took judicial notice of the factually similar *Buist* action, *see Buist v. Time Domain Corporation*, 926 So. 2d 290 (Ala. 2005)*,* and found that, in the exercise of reasonable care, plaintiffs should have discovered the alleged violations of the Alabama Securities Act more than two years before the commencement of this action on December 28, 2007.

---

[3] Plaintiffs' argument in their motion for reconsideration that this court improperly concluded that the first sentence of § 8-6-9(f) is unambiguous, and need not be read in conjunction with the comment to § 8-6-19, is a reiteration of an argument made in response to defendants' motions to dismiss and is not appropriate on a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Plaintiffs' argument that their misrepresentation and/or omissions claims are subject to the second sentence of § 8-6-19(f) is also a reiteration of an argument made in response to defendants' motions to dismiss. Lastly, the court finds no merit to plaintiffs' contention that "the unstated premise for the Court's conclusion that the first sentence of Section 19(f) cannot be tolled is that it is a statute of repose, rather than a statute of limitations." Doc. no. 67 at 11.

*See* doc. no. 66 at 37.

Plaintiffs now argue that this court incorrectly applied a constructive knowledge standard — as opposed to an actual knowledge standard — to analyze whether and when the statute of limitations for their fraud claims was triggered. *See* doc. no. 67 at 2-4. Plaintiffs argue that this court should have applied the actual knowledge standard set out in Alabama Code § 6-2-3.[4] In an attempt to support this argument, plaintiffs rely on decisions of the Alabama Supreme Court that applied the actual knowledge standard of § 6-2-3 to claims of *common law fraud*. *See* doc. no. 67 at 3 (quoting *Jones v. Alfa Mut. Ins. Co.*, 1 So. 3d 23, 31 (Ala. 2008) (in turn quoting *Hicks v. Globe Life & Acc. Ins. Co.*, 584 So. 2d 458, 463 (Ala. 1991)). Yet, at oral argument on defendants' motions to dismiss, plaintiffs' counsel stated that "securities fraud is not common law fraud," and acknowledged that plaintiffs' complaint did not allege a claim of common law fraud. Because plaintiffs' fraud claims arose under the Alabama Securities Act, rather than being premised upon a theory of common law fraud, the constructive knowledge standard in § 8-6-19(f)

---

[4] Section 6-2-3 provides:

In actions seeking relief on the ground of fraud where the statute has created a bar, *the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud*, after which he must have two years within which to prosecute his action.

Ala. Code § 6-2-3 (1975) (Supp. 2002) (emphasis added).

controls,[5] and the actual knowledge standard in § 6-2-3 is not applicable.

Plaintiffs further argue that the question of whether they should have discovered the defendants' alleged violations at an earlier date was a question of fact for the jury because their complaint alleged that they had no *actual knowledge* of the violations. Plaintiffs cite as support for this contention the Alabama Supreme Court's opinion in *Hicks v. Globe Life and Accident Insurance Co.*, 584 So. 2d 458 (Ala. 1991), holding that "[t]he question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff *actually knew* of facts that would have put a reasonable person on notice of fraud." *Hicks*, 584 So. 2d at 463 (emphasis original). However, the Alabama Supreme Court overruled *Hicks* in *Foremost Insurance Co. v. Parham*, 693 So. 2d 409 (Ala. 1997), "to the extent that it changed the standard that had previously existed for determining the statute of limitations issue in fraud cases," and the Court returned to a reasonable-reliance standard — as opposed to a justifiable reliance standard — for determining when the limitations period in a fraud case is triggered.

---

[5] Section 8-6-19 states, in pertinent part, that:

> No person may obtain relief under this section in an action involving the failure to register unless suit is brought within two years from the date of sale. All other actions for relief under this section must be brought *within the earlier of* two years after discovery of the violation or *two years after discovery should have been made by the exercise of reasonable care*.

Ala. Code § 8-6-19(f) (1975) (Supp. 2002).

*Foremost*, 693 So. 2d at 421. Under a reasonable-reliance standard, the limitations period begins to run when a plaintiff was privy to facts that should have provoked inquiry "in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud." *Auto-Owners Ins. Co. v. Abston*, 822 So. 2d 1187, 1195 (Ala. 2001) (internal quotations omitted) (bracketed alternation original). In *Foremost*, the Court noted that a return to the reasonable-reliance standard allows trial courts to "enter a judgment as a matter of law in a fraud case where the undisputed evidence indicates that the party or parties claiming fraud in a particular transaction were fully capable of reading and understanding their documents, but nonetheless made a deliberate decision to ignore written contract terms." *Foremost*, 693 So. 2d at 421.

This court finds no clear error in its finding that plaintiffs should have discovered their claims at an earlier date. Even assuming, for the sake of argument, that this court erred in making such a determination, the court again notes that such a finding was an *alternate* basis for finding that plaintiffs' claims were time-barred.

Plaintiffs further argue that this court improperly took judicial notice of the Alabama Supreme Court's decision in the *Buist* case, because this action was before the court on Rule 12(b)(6) motions to dismiss, and not a Rule 56 motion for summary judgment. However, the Eleventh Circuit has held that a district court may take

judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion.  *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("In analyzing the sufficiency of the complaint, we limit our consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, *and matters judicially noticed.*") (emphasis added); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (holding that "the district court was authorized at the motion to dismiss stage to take *judicial notice of relevant public documents required to be filed with the SEC.*") (emphasis added); *Boateng v. InterAmerican University, Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) (holding that "a court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment," and that "a court ordinarily may treat documents from prior state court adjudications as public records") (citing *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)). This court finds no merit to plaintiffs' argument that it improperly considered the factual basis of the *Buist* action recited in the opinion of the Alabama Supreme Court.

**B.     The Language of Alabama Code § 8-6-19(f)**

Plaintiffs next argue that this court improperly applied the language of Alabama Act No. 90-527 *as codified* in Alabama Code § 8-6-19, as opposed to the language of Act No. 90-527 *as enacted* by the Alabama Legislature.  As discussed in

this court's memorandum opinion, Act No. 90-527 as drafted and enacted by the Alabama legislature included the word "securities" between the words "register" and "unless" in the first sentence of the subsection that was later codified as § 8-6-19(f): *i.e.*, "No person may obtain relief under this section in an action involving the failure to register *securities* unless suit is brought within two years from the date of sale." Act No. 90-527, Acts of Alabama 1990 (emphasis supplied). However, the Code Commissioner's codification of that statutory language omitted the word "securities," and each publication of the Alabama Code since that time has continued to omit the word "securities" from the first sentence of § 8-6-19(f).

In 1996, the Alabama Legislature enacted Alabama Code § 29-7-8, which provides, in pertinent part, that:

> Upon the adoption and incorporation of the annual cumulative supplement and each replacement volume into the Code of Alabama by statute, that supplement or replacement volume shall be considered as part of the entire Code of Alabama and shall be considered for statutory construction purposes in the same manner as all other portions of the code.

Ala. Code § 29-7-8(b)(1). Plaintiffs contend that, prior to the enactment of that statutory provision, Alabama *case law* held that the text of an Act as enacted controlled whenever the language of an Act as codified differed from the text of the Act as enacted. *See* doc. no. 67 at 6-7. Plaintiffs then argue that, because § 29-7-8

was enacted after Act No. 90-527 was codified as § 8-6-19, the text of Act No. 90-527 continues to have the force of law, and that its construction is unaffected by § 29-7-8. In making that argument, however, plaintiffs overlook the fact that, in 1996, the Alabama Supreme Court held that,

> by the process of adopting the entire Code, the legislature repeals any portion of the original legislation and prior codification not present in that adoption. *See Ex parte Coker*, 575 So. 2d 43 (Ala. 1990). In other words, *the adoption of the entire Code supersedes the original enactments and any prior codification.* After this Court decided *Coker*, the legislature refined the codification process and began the current practice of annually codifying legislation. Under this new procedure, *the Code commissioner continually reviews the manuscript of the Code and directs the Code publisher to publish replacement volumes and an annual supplement that incorporates into the Code the most recent acts of a general and permanent nature.* Once the annual supplement and the replacement volumes are published, they are reviewed by the Code commissioner, who prepares an annual codification bill to adopt the replacement volumes and annual supplement.

*Ex parte State Dept. of Revenue*, 683 So. 2d 980, 982 (Ala. 1996). Thus, the annual publication of the Alabama Code has repeatedly superseded the language of Act No. 90-527.

Plaintiffs further argue that this court overlooked Alabama Code § 29-7-8, which states that "[t]he Code Commissioner for the Code of Alabama 1975, in compiling the contents of the code and any cumulative supplement and replacement volume to the code, may not alter the sense, meaning, or effect of any act." Ala. Code

§ 29-7-8(a).  Plaintiffs contend that § 29-7-8 forbids this court's application of the language of § 8-6-19 instead of Act No. 90-527.  However, plaintiffs made no mention of § 29-7-8 when responding to defendants' motions to dismiss, and it is well established that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Groover v. Michelin North America, Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000).  *See also American Home Assurance Co.*, 763 F.2d at 1239; *Brogdon v. National Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (holding that a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.").  Moreover, the Alabama Supreme Court has held that: "'All infirmities of legislative procedure in enacting an original act are cured when that act is incorporated into a code adopted by the legislature.'" *Densmore v. Jefferson County*, 813 So. 2d 844, 851 (Ala. 2001) (quoting *Bluthenthal v. I. Trager and Company*, 131 Ala. 639, 31 So. 622 (1901)).

This court finds no error in its conclusion that the language of Alabama Code § 8-6-19 has the force of law.  *See Swift v. Gregory*, 786 So. 2d 1097, 1100 (Ala. 2000) (holding that, "[o]nce the Code Commission modifies an act and the

Legislature thereafter adopts a Code containing the modification, the modification has the force of law.").

## C.    Plaintiffs' Request to Amend Their Complaint

Finally, plaintiffs argue that they should now — after entry of a final judgment in favor of defendants — be allowed to amend their complaint to add additional claims of common law fraud and/or fraudulent suppression pursuant to Fed. R. Civ. P. 15(a). It is undisputed that plaintiffs have not previously moved to amend their complaint, and plaintiffs consented to defendants' motion to stay proceedings pending ruling on defendants' motions to dismiss by filing a document entitled "Agreement With Joint Motion to Stay." *See* doc. no. 61.

This court finds plaintiffs' request to amend their complaint to be without merit, because the Eleventh Circuit has clearly held that "Fed. R. Civ. P. 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006) (citing *Czeremcha v. International Association of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984), and Wright, Miller & Kane, *Federal Practice and Procedure* § 1489). In *Czeremcha*, the Eleventh Circuit noted that commentators have "criticized those courts holding that the plaintiff has an absolute right under Rule 15(a) to amend after dismissal of

the complaint as frustrating 'the desire for certainty in the termination of litigation.'" *Czeremcha*, 724 F.2d at 1556 (quoting 3 *Moore's Federal Practice*, ¶ 15.07[2]). The Court then "adopt[ed] the rule that after a complaint is dismissed the right to amend under Rule 15(a) terminates." *Czeremcha*, 724 F.2d at 1556. Plaintiffs no longer have a right to amend their complaint.

### III. CONCLUSION

In summary, this court has reviewed the memorandum opinion and order entered on January 23, 2009, in conjunction with the pleadings on record, and is unpersuaded that its prior conclusions were in error or resulted in manifest injustice. Accordingly, plaintiffs' motion for reconsideration or to set aside the order filed pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.

DONE and ORDERED this 20th day of April, 2009.

/s/ Lynwood Smith
United States District Judge